■ In the Matter of EDISON BLANCO et al., Petitioners, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [723 NYS2d 558] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which denied petitioners' request for a refund of personal income taxes paid pursuant to the New York City Administrative Code.

In March 1992, petitioner Edison Blanco (hereinafter petitioner) won a $10,000,000 lottery jackpot. As a result, in April 1992, an authorized signatory on behalf of the Division of Lottery certified that petitioner was entitled to receive an immediate initial payment of $476,100 and 20 additional definite annual payments of $476,195 (totaling $9,523,900) to be received on the same date each year, beginning on March 15, 1993. Thereafter, in July 1992, petitioner and his wife, petitioner Salvadora Blanco, moved from New York City to the City of Yonkers. Petitioners, who file joint income tax returns, paid, *inter alia*, the New York City Resident Income Tax (hereinafter the NYCRT) on the 1992 payment. With respect to their 1993 income tax return, however, petitioners paid the City of Yonkers Income Tax Surcharge (hereinafter the CYTS), but did not pay the NYCRT. The Audit Division of the Department of Taxation and Finance (hereinafter the Division) thereafter assessed petitioners as owing the NYCRT for the 1993 tax year. Petitioners duly paid the deficiency and the CYTS and NYCRT for the 1994 and 1995 tax years. Petitioners timely filed claims for a refund with respect to the CYTS and the NYCRT paid for the 1993, 1994 and 1995 tax years.

Receiving no response from the Division as to their claims,

petitioners filed a request for a conciliation conference. Subsequently, an Administrative Law Judge (hereinafter ALJ) agreed with petitioners that the CYTS did not apply to the 1993, 1994 and 1995 tax years and granted their request for a refund of the CYTS paid. On the other hand, the ALJ held that the NYCRT applied to the lottery payments for the 1993, 1994 and 1995 tax returns. Respondent Tax Appeals Tribunal (hereinafter the Tribunal) rejected petitioners' exceptions thereto and upheld the decision of the ALJ. Petitioners thereafter commenced this proceeding pursuant to CPLR article 78 seeking to annul the Tribunal's determination.

We confirm. Despite petitioners' claim that the lottery installments received after they moved to Yonkers cannot be considered income accrued while they were New York City residents, it is clear that when a taxpayer changes status from a New York City resident to a nonresident, the taxpayer's final resident City income tax return is subject to the special accrual provisions of Administrative Code of the City of New York § 11-1754. Such a taxpayer "shall, regardless of his or her method of accounting, accrue for the portion of the taxable year prior to such change of status any items of income * * * accruing prior to the change of status * * *. The amounts of such accrued items shall be determined * * * as if such accrued items were includible or allowable for federal income tax purposes" (Administrative Code of City of NY § 11-1754 [c] [1]; see, Tax Law § 1307 [b]).

Thus, after petitioners, who formerly reported income on a cash basis,[1] changed their status to nonresidents, they were required, pursuant to the Administrative Code, to report and pay taxes as accrual basis taxpayers on all income that accrued prior to their move to Yonkers. "[U]nder an accrual method, income is to be included for the taxable year when all the events have occurred that fix the right to receive the income and the amount of the income can be determined with reasonable accuracy" (26 CFR 1.446-1 [c] [1] [ii] [A]). Here, the record establishes that petitioner won the $10,000,000 jackpot while he was a resident of New York City and, at that time, the precise sums and the dates of the payments were fixed (see, Commissioner of Internal Revenue v Hansen, 360 US 446, 464). Under the circumstances, any income which accrues prior to a

---

1. "Generally, under the cash receipts and disbursements method in the computation of taxable income, all items which constitute gross income (whether in the form of cash, property, or services) are to be included for the taxable year in which actually or constructively received" (26 CFR 1.446-1 [c] [1] [i]).

residency change must be included on the tax return for the taxable year prior to the residency change regardless of whether the gain has been realized (*see, Matter of Delmhorst v State Tax Commn.*, 92 AD2d 981, 982, *affd on mem below* 60 NY2d 628 [construing a statutory provision nearly identical to Administrative Code of City of NY § 11-1754 (c) (4)]). Therefore, the requirements for immediate accrual as described in the Administrative Code were met herein.

Such accruals are not required, however, if the taxpayer files a bond or other acceptable security "conditioned upon the inclusion of amounts accruable under this subdivision in city adjusted gross income for one or more subsequent taxable years *as if the individual had not changed his or her resident status*" (Administrative Code of City of NY § 11-1754 [c] [4] [emphasis supplied]). Significantly, with respect to lottery jackpot winners who change their status from resident to nonresident, the Administrative Code specifically permits the withholding of the NYCRT from these proceeds to be considered "other security" as contemplated by Administrative Code of the City of New York § 11-1754 (c) (4) (*see*, Administrative Code of City of NY § 11-1771 [b] [3] [B]), thus avoiding the obligation to immediately pay taxes due on the entire lottery prize.

Here, petitioner specifically chose to elect that option with respect to his lottery winnings and, therefore, the NYCRT tax was withheld from his installments as if petitioners were still New York City residents (*see*, 20 NYCRR 154.11). While petitioners argue that this procedure is inequitable, the Tribunal correctly noted that petitioners received a benefit by being allowed the opportunity to pay the taxes due on the balance of the lottery prize in installments as they received the annual payments. Although petitioners challenge the use of the accrual method of tax calculation[2] upon their change of residence, it is apparent that this device is the only effective method for the municipality to protect its interest in receiving the total income tax due on the entire lottery prize. If the total amount to be received was not subject to accrual upon the lottery winner's change of residence, the lottery winner who has chosen to receive the prize in installments (as opposed to a lump sum) could avoid paying the income tax due by simply changing residence. Thus, the fact that a winner whose prize is

---

**2.** While petitioners correctly point out that the accrual method is not the sole determination of when income has been realized, we note that Administrative Code of the City of New York § 11-1754 (c) (1) specifically states that the income or gain will accrue regardless of the method of accounting.

to be paid in installments is allowed the opportunity to avoid a burdensome tax bill and extend payment of the NYCRT over time as the installments are received does not obviate the underlying tax obligation.

While petitioners raise several other issues challenging this result, none of them are dispositive. We find unpersuasive petitioners' citation to regulations and cases involving intangible personal property or interest income. Petitioner clearly won $10,000,000 in income[3] with fixed annual payments that will neither increase nor decrease in amount over the 20-year payout. Accordingly, there is no merit to petitioners' alternative arguments that the amount accrued should be determined based on the cost of the annuity purchased by the Division of Lottery to fund the future payments or that the amount accrued should be discounted to present value. Clearly, the Division of Lottery's obligation to pay the installments in sums certain is fixed—thus the method used by this agency to fund these payments and/or the present value of the future payments are irrelevant as to petitioners' tax obligation.

All remaining arguments raised by petitioners and not specifically addressed herein have been examined and found to be without merit.

Mercure, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

**3.** Notably, Administrative Code of the City of New York § 11-1771 (b) (1), (2) (D) specifically provide that lottery winnings in excess of $5,000 are to be treated as if they are employee wages (*see*, 20 NYCRR 171.11 [a] [1]).