■ In the Matter of GEORGE BAKER et al., Petitioners, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [758 NYS2d 210] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained an assessment of personal income tax imposed under Tax Law article 22.

In 1990, petitioner Dolores Baker, then a New York City resident, won a multimillion dollar prize in the state lottery that was payable in annual installments. Petitioners moved to Florida in 1992 and became residents of that state. New York State and New York City income taxes were withheld from the 1996 lottery payment to Baker. In their 1996 nonresident income tax return, petitioners, who file jointly, claimed and received a refund for the New York City tax. In May 1998, the Department of Taxation and Finance (hereinafter Department) issued a notice of deficiency assessing New York City income tax for the 1996 lottery payment, plus interest and penalties. Following a conciliation conference, the Department's assessment was upheld. The parties waived a hearing and submitted stipulated facts to an Administrative Law Judge, who sustained the assessment. Respondent Tax Appeals Tribunal upheld the ruling and this CPLR article 78 proceeding ensued.

The Administrative Code of the City of New York provides that when a resident moves out of New York City any income that accrued—even if not yet received—prior to the change of residency must be included as income for the tax year prior to the change in residency (see Administrative Code of City of NY § 11-1754 [c] [1]). A taxpayer can avoid paying tax on accrued, but unrealized, income by filing a bond or other acceptable security to guarantee that taxes are paid when the income is realized (see Administrative Code of City of NY § 11-1754 [c] [4]). With respect to lottery winnings, the Administrative Code requires tax withholdings from lottery payments when the total prize exceeds $5,000 (see Administrative Code of City of NY § 11-1771 [b] [2] [D]); see also Matter of Blanco v Commissioner of Taxation & Fin., 282 AD2d 896 [2001], lv denied 96 NY2d 719 [2001]). The Administrative Code further provides that, upon a change of residency, this withholding "shall constitute other security acceptable * * * within the meaning of paragraph four of subdivision (c) of section 11-1754, unless such payee elects * * * to apply the provisions of paragraph one of such subdivision (c) to the proceeds" (Administrative Code of City of NY § 11-1771 [b] [3] [B]).

Petitioners argue that, pursuant to Administrative Code of

the City of New York § 11-1754 (c) (1), the unpaid balance of the lottery prize accrued when they moved in 1992 and, because they never reported any lottery payments as New York City income on their New York State income tax return after they moved, the entire tax was due in 1992. Petitioners base their argument on the wording of paragraph (4) of section 11-1754 (c), which allows a taxpayer to defer the accrual of income by filing a "bond or other security acceptable to the tax commission, *conditioned upon* the inclusion of amounts accruable under this subdivision in city adjusted gross income for one or more subsequent taxable years as if the individual had not changed his or her resident status" (emphasis added). Because they did not report any New York City income after they moved in 1992, petitioners claim that they failed to comply with the Administrative Code provisions for the deferral of income from the annual lottery payments and the tax on total remaining lottery payments was due in 1992. Petitioners further argue that since the entire New York City tax was due in 1992, it necessarily follows that no New York City tax could be properly withheld in 1996.*

Petitioners' arguments are meritless. In our view, the Administrative Code provisions allow a taxpayer who moves out of New York City to defer the accrual of income otherwise accruing upon the filing of appropriate security and the payment of tax on such income when realized in subsequent years. Our decision in *Matter of Blanco v Commissioner of Taxation & Fin. (supra)* does not hold otherwise and petitioners' reliance on that case is misplaced. Significantly, the clear wording of Administrative Code of the City of New York § 11-1771 (b), which mandates in paragraph (2) that income tax be withheld from large lottery prizes and specifically provides in paragraph (3) that such withholding shall constitute the other acceptable security of section 11-1754 (c) (4) unless the taxpayer opts out of such withholding by paying the full tax on the entire accrued income when the taxpayer moves, is controlling. Here, petitioners did not opt out of the annual withholding from the yearly lottery payment. Accordingly, the withholding of New York City income taxes for 1996 was proper and the refund obtained by petitioners of such taxes was properly determined by the Department to give rise to a deficiency.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Petitioners did not pay tax on the balance of the lottery prize in 1992 and ostensibly contend that the Department is now time-barred from pursuing such tax.